SO ORDERED: February 02, 2011.



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| PAUL JEFFREY SMITH, | ) | CASE NO. 09-72276-BHL-7A |
| Debtor. | ) | |

### ORDER

This matter came before the Court on the Debtor's **Amended Motion to Determine Tax Liability** as it relates to the Debtor's 2009 tax return. The Court conducted a hearing on the foregoing motion on September 21, 2010, at which time the Debtor presented evidence in support of his motion. Because this issue arises out of the Trustee's demand for the entire refund, the Court views the dispute in the nature of a motion for turnover. It is the Trustee who bears the burden to prove by a preponderance of the evidence that the property sought is actually property of the bankruptcy estate and that the debtor has possession of it. The Trustee did not file a response to the Debtor's Motion or dispute the evidence presented by the Debtor.

In considering the equitable division of the income tax refund between the Debtor and non-debtor spouse, the Court finds no compelling Seventh Circuit precedent. A review of the caselaw,

however, reveals three distinct approaches. *See, Monticello Arcade Ltd. P'ship v. Lyall (In re Lyall)*, 191 B.R. 78, at 85 (E.D.Va. 1996). A majority approach holds that a joint refund should be allocated proportionally between the spouses according to their respective tax withholdings during the taxable year. As such, a non-debtor spouse who has had no tax withholdings is not entitled to any portion of a joint tax refund. *See, e.g., In re Kleinfeldt*, 287 B.R. 291 (10th Cir. BAP 2002)*; In re Gleason*, 193 B.R. 387 (Bankr.D.N.H. 1996). Those cases reason that it is incongruous to give a refund to one who pays no taxes. *Gleason* at 389. A second approach apportions the refund between spouses based upon their respective income or relative contributions. *See, In re Kestner*, 9 B.R. 334 (Bankr.E.D.Va. 1981). This approach may give the non-filing spouse credit for non-financial contributions in the nature of tax credits. *See, Crowson v. Zubrod (In re Crowson)*, 431 B.R. 484 (10th Cir. BAP 2010). And the minority approach splits the joint tax refund equally notwithstanding either spouse's income. *See, e.g., In re Trickett,* 391 B.R. 657 (Bankr.D.Mass. 2008); *In re Marciano*, 372 B.R. 211 (Bankr.S.D.N.Y. 2007); *Loevy v. Aldrich (In re Aldrich)*, 250 B.R. 907 (Bankr.W.D.Tenn. 2000).

In this case, the tax refund arose by virtue of the Debtor's withholding as well as from tax credits attributable to the non-debtor spouse. When confronted with a similar fact pattern, the Tenth Circuit BAP in *Crowson, supra*, turned to the Internal Revenue Code for guidance. Because the Internal Revenue Code ["IRC"] treats tax credits as payments, it held that such credits may constitute overpayments even when a taxpayer has no tax liability and that such overpayments may be refunded to "the person who made the overpayment" under IRC § 6402. *Crowson*, 431 B.R. at 491. That court then proceeded to formulate a multi-step mathematical computation to ascertain the extent of each spouse's rights in the joint refund.

This Court, having reviewed the foregoing case law and having considered the particular equities of the case, aligns itself with those courts which utilize the so-called "50/50 refund rule." As a practical matter, the 50/50 refund rule, unlike the *Crowson* analysis, provides a bright-line rule which is easy to understand and apply. *See, In re Trickett*, 391 B.R. 657 (Bankr.D.Mass. 2008). As a substantive matter, the minority position expresses the better reasoned view. As those courts have noted, inasmuch as a non-filing spouse is jointly responsible and liable for a joint federal income tax deficiency, they should likewise share in the good fortune of a tax refund. *In re Aldrich,* 250 B.R. 907, 913 (Bankr.W.D.Tenn. 2000) (*citing Bass v. Hall*, 79 B.R. 653, 657 (W.D.Va. 1987)). Simply stated:

> I disagree with those courts that allocate refunds in proportion either to income or amount of withholdings. The reality of the Internal Revenue Code is that the total tax is not necessarily linked to income, while the overpayment is not necessarily linked exclusively to income or withholdings. For many taxpayers, a significant portion of the refund is attributable not to these factors, but to any number of credits, such as the child tax credits or credits for education or for child and dependent care expenses. In many ways, the tax consequences of a joint filing exhibit no proportionality to respective levels of withholding and income.

*In re Barrow*, 306 B.R. 28, at 30-31 (Bankr.W.D.N.Y. 2004).

This Court, therefore, adopts a presumption that spouses share equal ownership in a tax refund, which may be rebutted only by evidence of a domestic relations court order or an enforceable, written, prepetition contract between the spouses designating alternative ownership of the refund. *See, In re Innis*, 331 B.R. 784, 789 (Bankr.C.D.Ill. 2005). It is therefore ORDERED that of the Debtor's joint tax refund of $10,762.33, one-half of that amount, or $5,381.17, is attributable to the non-debtor spouse and is not property of the estate. The Debtor's remaining one-half interest in the joint tax refund, or $5,381.16, is property of the bankruptcy estate and shall be turned over to

the Trustee in accordance herewith.

**IT IS SO ORDERED.**

# # #

Distribution:

Debtor
Trustee
U.S. Trustee